UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANTHONY C. HARDEN,

        Petitioner,

 -against-            9:17-CV-639 (LEK/DJS)

LEROY FIELDS,

        Respondent.

## DECISION AND ORDER

### I. INTRODUCTION

Petitioner Anthony C. Harden filed a petition for a writ of habeas corpus and exhibits pursuant to 28 U.S.C. § 2254. Dkt. No. 1 ("Petition"); Dkt. No. 1-1 ("Exhibits").[1] He paid the filing fee. For the reasons that follow, the Petition is dismissed as premature.

### II. BACKGROUND

Petitioner challenges his 2013 conviction in Albany County for two counts of second degree assault. Pet. at 1. The Appellate Division affirmed the conviction on December 3, 2015, and the New York Court of Appeals denied leave to appeal on June 7, 2016. Id. at 2; People v. Harden, 21 N.Y.S.3d 730, 736 (App. Div. 2015), lv. denied 27 N.Y.3d 1133 (2016).

Petitioner argues that he is entitled to "[i]mmediate release from prison," Pet. at 15, because his trial counsel was ineffective (Grounds One, Two, Three, Four, and Six), the trial court sentenced him to unlawful consecutive terms of imprisonment (Ground Five), and his appellate counsel was ineffective (Grounds Seven through Nine). Pet. at 5–12; Ex. K at 45–48.

---

[1] The cited page numbers refer to those generated by the Court's electronic filing system ("ECF"). Exhibit K to the Petition is essentially an appendix, which states grounds five through nine of the Petition.

Petitioner has raised his appellate counsel claims in a state court application for a writ of coram nobis, which is currently pending in the Appellate Division. Pet. at 12; Ex. K at 46–48.

## III. DISCUSSION

A court may not grant an application for a writ of habeas corpus until the applicant has exhausted all available state court remedies unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). The exhaustion requirement "is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." Jimenez v. Walker, 458 F.3d 130, 149–50 (2d Cir. 2006) (quoting Rose v. Lundy, 455 U.S. 509, 518 (1982)).

To fully exhaust his state court remedies, a petitioner must "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004). In other words, habeas petitioners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The petitioner must also use the proper procedural vehicle so that the state court may pass on the merits of his claims. Dean v. Smith, 753 F.2d 239, 241 (2d Cir. 1985).

As noted above, Petitioner has a pending state court action in which he raises the appellate counsel claims set forth in Grounds Seven through Nine of his Petition. Pet. at 12. Because that action remains pending, Petitioner has not exhausted his state court remedies with respect to his ineffective assistance of appellate counsel claims.

There is no basis to conclude that either of the § 2254(b)(1) exceptions applies here. Petitioner does not indicate that he lacks an available state corrective process or allege circumstances that render the state court process ineffective to protect his rights. § 2254(b)(1)(B); Lurie v. Wittner, 228 F.3d 113, 124 (2d Cir. 2000). As Petitioner notes, he has state court remedies available to him, and is availing himself of those remedies by pursuing his coram nobis application. He must exhaust his state court remedies before pursuing a federal habeas petition.

Based on the foregoing, the Petition is premature and is therefore dismissed without prejudice. Petitioner may re-filing a single complete petition once he has pursued and exhausted all the claims he wants to raise in the state courts. See Diguglielmo v. Senkowski, 42 F. App'x 492, 496 (2d Cir. 2002) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address DiGuglielmo's federal claims, comity requires that we allow that court an opportunity to do so. Accordingly, we dismiss DiGuglielmo's petition without prejudice. This will allow DiGuglielmo to pursue any procedural options available to him in New York state

court, and then take whatever steps may be appropriate to return to federal court if necessary.").[3]

IV.    **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Petition (Dkt. No. 1) is **DISMISSED without prejudice** for failure to exhaust available state court remedies; and it is further

**ORDERED**, that no certificate of appealability ("COA") shall issue in this case because petitioner has failed to make "a substantial showing of the denial of a constitutional right"

---

[3]  The Court notes that if Petitioner's claims are denied in state court, a subsequent habeas petition would likely not run afoul of the "second or successive petition" limitations because this Petition is being dismissed for failure to exhaust and not on the merits. Burton v. Stewart, 549 U.S. 147, 155 (2007) (per curiam) (citing Slack v. McDaniel, 529 U.S. 473, 478 (2000)). Additionally, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas petitions challenging a state-court judgment of conviction are subject to a one-year statute of limitations. Gonzales v. Thaler, 565 U.S. 134, 137 (2012). The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. § 2244(d)(1)(A). When a petitioner does not seek certiorari in the United States Supreme Court, a state conviction becomes final ninety days after the New York Court of Appeals denies leave to appeal. Saunders v. Senkowski, 587 F.3d 543, 547 (2d Cir. 2009). A properly filed state court application for relief tolls the limitations period if the application is filed before the one-year limitations period expires. § 2244(d)(2); Saunders, 587 F.3d at 548. Only the time that the state relief application remains undecided, including the time during which an appeal from the denial of the application was taken, is excluded from the limitations period. Saunders, 587 F.3d at 548. The one-year limitations period "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Courts have also recognized an equitable exception to the one-year statute of limitations under § 2244(d)(1) in cases where a petitioner can prove actual innocence. McQuiggin v. Perkins, __ U.S. __, 133 S. Ct. 1924, 1928 (2013). To avoid any issues with the one-year limitations period, Petitioner should promptly re-file his federal habeas petition, if necessary, upon exhaustion of his state remedies.

pursuant to 28 U.S.C. § 2253(c)(2).[4] Any further request for a COA must be addressed to the Court of Appeals for the Second Circuit pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on Petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:	July 12, 2017
	Albany, New York

*[signature]*
Lawrence E. Kahn
U.S. District Judge

---

[4] Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).